P. O. NAIL AND WIFE, GEORGIA NAIL; A. J. MELSON; D. W. CURRIE AND WIFE, KATE L. CURRIE; L. C. BRASWELL AND WIFE, RHENA L. BRASWELL; JOHN L. BRANCH AND WIFE, JENNIE BRANCH; G. L. MURRAH AND WIFE, ANNIE LAURIE MURRAH, *Appellants*, *v.* S. S. BROWNING, *Appellee.*

Opinion Filed February 18, 1919.

1.  A stipulation entered into between parties in an equity suit not to prosecute an appeal is binding upon them.

2.  A defendant in an equity cause against whom a decree *pro confesso* has been duly entered for failure to plead, answer or demur is precluded from contesting the facts alleged in the bill and on appeal the only question presented is whether the final decree was a proper one to be entered admitting the facts as alleged to be true.

An Appeal from the Circuit Court for Putnam County, J. T. Wills, Judge.

Decree affirmed.

*MacWilliams and Bassett,* for Appellants.

*J. E. Futch and A. V. Long.* for Appellees.

ELLIS, J.—This is a suit to enforce a mortgage lien upon certain lands located in Putnam and St. Johns counties brought by S. S. Browning, the appellee. against the appellants and the Carson Naval Stores Company, a Florida corporation.

The mortgage was executed by P. O. Nail and wife to secure the purchase price of the lands described which

Nail had bought from R. L. Campbell. The date of the transaction was March 7, 1911. Campbell died in May, 1914, leaving a will in which he devised and bequeathed all his property, real and personal to his wife, Lillie R. Campbell, and appointed her executrix of the will to serve without bond. In October, 1915, the widow of R. L. Campbell transferred to the complainant S. S. Browning the two notes, which Nail had given to Campbell as evidence of the indebtedness, and assigned to Browning the mortgage which was given to secure the payment of the same.

The bill to enforce the mortgage lien was brought by Browning in November, 1915. The bill alleges that P. O. Nail and L. C. Braswell were copartners in March, 1911, and on the 16th day of that month they and their wives executed a mortgage upon the lands in favor of the Carson Naval Stores Company to secure an indebtedness due by them to that company; that in December, 1914, they also executed a mortgage in favor of the Carson Naval Stores Company upon the turpentine leases made on the land; that in May, 1911, and in March, 1912, Nail and wife conveyed the lands to D. W. Currie subject to the mortgage indebtedness in favor of Campbell, which Currie assumed and agreed to pay; that in November, 1911, Currie and wife conveyed to A. J. Melson, subject, however, to "timber, turpentine and sawmill rights" reserved to Currie. In December, 1911, Melson executed a mortgage upon the lands in favor of Currie. In March, 1913, D. W. Currie and wife conveyed to John L. Branch all the pine and cypress timber growing or standing upon the lands, and in January, 1915. Melson conveyed the lands by warranty deed to Branch.

The bill also alleged that G. L. Murrah claimed some interest in the lands, but the nature of which was not known to the complainant.

The record shows that the defendans D. W. Currie and wife and John L. Branch and wife filed pleas and answers to the bill of complaint. The decree of the chancellor dated October 27, 1916, settling the equities between the parties showed that the court had obtained jurisdiction of all the parties defendant except A. J. Melson, and the cause was dismissed as against him; that the decrees *pro confesso* had been entered against P. O. Nail and wife and L. C. Braswell and wife, that G. L. Murrah and wife had filed a disclaimer and that the cause was argued and submitted by solicitors for D. W. Currie and wife and John L. Branch and wife. All the defendants are thus accounted for except the Carson Naval Stores Company, who seems not to have pleaded, answered or demurred to the bill, and did not join in this appeal.

There was a decree of foreclosure in favor o fthe complainant against all the defendants, and from that decree this appeal was taken.

At a former hearing of the case upon a motion to dismiss the appeal upon the ground that the contesting defendants had by stipulation agreed that no objections should be made to the entry of the final decree and no appeal would be taken therefrom, we held that the appeal should not be dismissed because the decree was not such a joint decree as to preclude any consideration of the case by this court without having all the parties to the case in the court below before it, and that defendants against whom decrees *pro confesso* were entered may be heard on appeal as to any matter affecting their interest

alone.  See Nail v. Browning, 74 Fla. 108. 76 South. Rep. 679.

So far as the appellants D. W. Currie and wife and John L. Branch and wife are concerned. they are bound by their stipulation not to prosecute this appeal.  So for as A. J. Melson, G. L. Murrah and wife and the Carson Naval Stores Company are concerned, the appeal does not affect them because as to one no service of process was ever made upon him and the court never acquired jurisdiction of his person; Murrah and wife disclaimed any interest in the subject matter of the suit, and the Carson Naval Stores Company never appealed.  This leaves P. O. Nail and wife and L. C. Braswell and wife against whom decrees *pro confesso* were entered below for failure to plead, answer or demur to the bill of complaint, as the only persons interested in the appeal.

The assignments of error which are discussed by appellants' solicitors in their able brief rest upon rulings made by the chancellor which affected the defenses interposed by D. W. Currie and wife and John L. Branch and wife, who by their stipulation have waived whatever benefits that might have been obtained for them by appeal.  As to P. O. Nail and wife and L. C. Braswell and wife, they are precluded by the decrees *pro confesso* from contesting the facts alleged in the bill, and as they interposed no defense to the bill of complaint, the only question with which they are concerned in this appeal is, whether the final decree was proper. admitting the facts as alleged in the bill to be true.  See Megin v. Filor, 4 Fla. 203; Hancock v. Hancock, 55 Fla. 680, 45 South. Rep. 1020; Keil v. West, 21 Fla. 508; Durham v. Edwards, 50 Fla. 495, 38 South Rep. 926; Hart Ex'trix v. Stribling, 21 Fla. 136.

The bill of complaint alleges a state of facts which clearly entitled the complainant Browning to the relief decreed by the court. It was a bill to enforce a mortgage lien, the complainants' ownership of the debt and mortgage security, the failure of the defendant to pay and the nature and character of the claims upon or interests in the lands of the defendants are sufficiently alleged to entitle the complainant to the relief sought.

Therefor the decree of the chancellor should be and is hereby affirmed.

TAYLOR, WHITFIELD AND WEST, J. J., concur.

BROWNE, C. J., absent.