In the Matter of a Proposal or Plan by MORTGAGE COMMISSION OF THE STATE OF NEW YORK to Exercise Certain of Its Limited Powers with Respect to a Mortgage Covering Premises Known as Lido Club Hotel, at Reynolds Channel, on the Island of Long Beach, County of Nassau, State of New York, Securing Mortgage Investments Guaranteed by Bond and Mortgage Guarantee Company and Designated as Guarantee No. 180,577. In the Matter of the Application of THE MORTGAGE CORPORATION OF NEW YORK, as Trustee for the Benefit of the Holders of Investments in Said Mortgage under a Declaration of Trust, Dated June 21, 1939, for an Order Instructing the Trustee as to the Institution and Prosecution of an Action against TITLE GUARANTEE AND TRUST COMPANY, DAVID J. BREEN and STEPHEN H. DURYEA, as Chairman and Treasurer Respectively of a Committee of Certificate Holders, Appellants; THE MORTGAGE CORPORATION OF NEW YORK, Respondent.— Order instructing the trustees under a certain indenture of trust to refrain from prosecuting an action against the Title Guarantee and Trust Company for a breach of duty claimed to affect all holders of participation certificates in a certain mortgage affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

In the Matter of the Arbitration of Certain Differences between ORANGE PULP & PAPER MILLS, INC., Respondent, and PULP SALES CORPORATION, Appellant.— Order directing the parties to proceed to arbitration and designating an arbitrator reversed on the law, with ten dollars costs and disbursements, motion denied, with ten dollars costs, and proceeding dismissed. We construe paragraph " 4 " of the conditions attached to the contract as contemplating that the arbitrator or arbitrators should be selected in the manner provided by the Rules of the American Arbitration Association. (*Matter of Oltarsh* v. *Classic Dresses, Inc.,* 255 App. Div. 532.) We dismiss the proceeding because the appellant had not failed, neglected or refused to arbitrate and, therefore, was not in default under section 1450 of the Civil Practice Act. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.