91 So.2d 312 (1956)
George CRAVERO, Jr., and Dennis Cravero, Appellants,
v.
FLORIDA STATE TURNPIKE AUTHORITY, a body corporate and politic of the State of Florida, Seymour Rosenberg, Samuel M. Edelstein, Margaret Edelstein, George Edelson, and North Dade Water Company, a Florida corporation, Appellees.
Supreme Court of Florida. Division B.
November 16, 1956.
Rehearing Denied January 10, 1957.
*313 J.M. Flowers, Miami, and Caldwell, Parker, Foster & Wigginton, Tallahassee, for appellants-petitioners.
Wm. P. Simmons, Jr., of Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for Florida State Turnpike Authority.
J.V. Niemoeller, Boardman & Bolles and Myers, Heiman & Kaplan, Miami, for other appellees-respondents.
ROBERTS, Justice.
This is an appeal by George and Dennis Cravero, defendants below, from a judgment and supplementary order entered in condemnation proceedings instituted by the appellee, Florida State Turnpike Authority, against the Craveros and others to condemn land for a road right of way. The Craveros were named parties defendant as to Right-of-Way Parcel No. 4 because of a recorded instrument entitled "Contract of Purchase and Sale" by which the appellees Rosenberg et al., as owners, agreed to sell and the Craveros agreed to buy seven parcels of land in Cravero Cloverleaf Estates. Parcels 6 and 7 of the contract included lots in Blocks 8, 12 and 13 of the subdivision; and a portion of the property described as Right-of-Way Parcel No 4 lay in these three blocks and was subject to the contract of purchase and sale.
*314 After the condemnation suit was filed, the attorney for Rosenberg et als. advised the Craveros, by letter, that his clients were unable to perform or to comply with the terms or provisions of the contract "with regard to Blocks 8, 12 and 13, said declaration [of taking] having rendered it impossible to convey said property to your clients at the times provided in said instrument." The letter also stated that Rosenberg et als. "are declaring said instrument null and void and of no further force and effect," and offered to credit an advance payment of $20,000 "against the unpaid portion of said contract."
The Craveros then filed in the condemnation proceeding an answer, alleging the fact of the agreement and the attempted rescission thereof by Rosenberg et als., averring that they had a right under the contract to obtain the fee simple title to the property in question upon the payment of the purchase price and that they had no intention of defaulting under the contract, and listing various items of damages, over and above the market value of the land, which they would sustain by virtue of the taking. They moved the court to enter a summary judgment, adjudicating that they were the owners of that portion of Right-of-Way Parcel No. 4 covered by the agreement and, as such, entitled to a separate verdict of the jury as to such property. The trial judge was of the opinion that Rosenberg et al., the fee simple title holders, were the "owners" of the property in question within the meaning of Sec. 73.11 and 73.12, Fla. Stat. 1955, F.S.A., and denied the motion. Upon the motion of Rosenberg et als., he ruled that the allegations of the Craveros' answer "which do not pertain to the issue of the value of the land taken and damage to the remainder are hereby stricken with leave to reassert them by appropriate petition after the rendition of the Jury's verdict and in light of the Court's findings made above."
The condemnation suit was tried, the Craveros electing not to participate in the trial, and a verdict awarding damages of some $90,000 to the Craveros and Rosenberg et als. as to Parcel No. 4 was entered. Thereafter, Rosenberg et als. filed in the cause a "Petition of Fee Owners for determination of Rights in Respect to Awarding." Counsel for the Craveros did not appear at the hearing originally set on this petition, nor at the hearing on the date to which it was continued because of his absence, although noticed to do so.
The trial judge entered an order on the petition, awarding the entire amount of the damages as to Parcel No. 4 to Rosenberg et als. and allocating to their attorney the attorney's fee awarded by the jury as to Parcel No. 4. His order also declared the contract of purchase and sale to be rescinded as of March 29, 1956, the date of the letter of rescission referred to above. The Craveros have appealed.
The principal contention of the Craveros here is that they were denied due process of law by the trial judge's action in refusing to adjudicate, in advance of the condemnation suit, that they were the owners of that portion of Right-of-Way Parcel No. 4 covered by the "Contract of Purchase and Sale," so that the jury could return a separate verdict as to the value of this portion of Parcel No. 4. This contention cannot be sustained, on the basis of the record here presented.
It is settled law in this jurisdiction that, where questions of title are raised in a condemnation suit, a trial judge may postpone a determination of these questions until after the condemnation suit has been tried. "It is not the purpose of an eminent domain proceeding to try title to the property. See Peeler v. Duval County, Fla., 66 So.2d 247. The purpose of the eminent domain proceeding is to determine the value of the property taken and damage to the remainder, irrespective of ownership. Such questions as interest in the property, ownership, liens on property, may be determined in the same action in a summary proceeding after the jury has ascertained *315 and rendered a verdict as to the value of the property taken and damages to the remainder." Porter v. Columbia County, Fla. 1954, 75 So.2d 699, 700. See also Shavers v. Duval County, Fla. 1954, 73 So.2d 684; 2 Lewis on Eminent Domain, 3d Ed., Sec. 716, p. 1253; 2 Nichols on Eminent Domain, 3d Ed., Sec. 12.36.
It is not contended that the amount awarded for the taking of Parcel No. 4 would have been any different, if the portion claimed by the Craveros had been segregated from the remainder of the parcel in which they did not claim an interest. Nor does it appear that the trial judge would have encountered difficulty in apportioning the award as between the Craveros on the one hand, and Rosenberg et als. on the other, assuming that the Craveros were entitled to recover compensation for the taking of their alleged equitable interest in the property. The Craveros were made parties to the suit and had an opportunity to participate in the proceedings and prove the damages alleged in their answer. We have therefore concluded that, in the circumstances shown by this record, the contention of the Craveros that they were denied due process of law and that the condemnation suit was null and void as to Parcel No. 4 cannot be sustained.
The Craveros also contend that they have been denied due process of law by the supplementary order entered by the trial judge upon the petition of Rosenberg et als., referred to above, which order (1) awarded the entire amount of the jury's verdict as to Parcel No. 4 to Rosenberg et als., and (2) declared the entire contract of purchase and sale to be rescinded. Their argument in this respect is that there were no pleadings to support the relief granted, so that the court was without jurisdiction to enter the order here complained of.
It is true, as contended, that a judgment upon a matter entirely outside of the issues made by the pleadings "would be void and would not withstand a collateral attack, for upon such matter a presumption would arise that the parties had had no opportunity to be heard." Lovett v. Lovett, 1927, 93 Fla. 611, 112 So. 768, 776. But the court in that case, speaking through the late and learned Mr. Justice Armstead Brown, said that "The pleading bringing the matter before the court need not necessarily be sufficient in law to withstand the test of a demurrer, but as a general rule it must state, at least inferentially, each material fact necessary to warrant the court to deliberate thereon and grant the relief accorded, which must usually be the relief prayed, or at least not foreign thereto  though as to the latter, the form of relief, when different from that asked, the judgment or decree may be merely voidable, but not void." And since the Craveros did not appear and content the petition filed by Rosenberg et als., although having two opportunities to do so, the only question here is whether the order was proper, admitting the facts as alleged in the petition to be true. Cf. Nail v. Browning, 1919, 77 Fla. 184, 81 So. 269, and cases cited.
The petition had appended a copy of the contract and of the letter of rescission, referred to above, and alleged, among others:
"(d) That the taking of the Florida Turnpike Authority, effective February 2, 1956, made the above contract and modification thereof impossible of performance with respect to Blocks 8, 12 and 13, and that as a consequence of the recision (Sic) hereinabove set forth defendants Seymour Rosenberg, et al., are the fee owners of all of Blocks 8, 12 and 13, and therefore entitled to all of the award for the taking of said property.
* * *
"Wherefore, these Defendants pray that the Court allocate the entire award heretofore made herein to them, and, further, that the Court allocate the attorneys' fees heretofore awarded to their attorneys."
*316 There can be no doubt that the Craveros were advised by this petition that Rosenberg et als. would present to the trial judge the issue of whether they were entitled to the full amount of the award. The trial judge had before him the contract of the parties. As shown by the brief filed on behalf of Rosenberg et als., argument was made before him at the hearing on the petition that the contract merely gave the Craveros an option to purchase the subject property and that they were thus not entitled to share in the award. We agree with the trial judge that the Craveros had only an option to purchase and that an option to purchase which has not ripened into a mutually binding contract by having been exercised prior to the time of the entry of the award is not such an interest in the condemned property as to entitle the optionee to share in the award. See 2 Nichols on Eminent Domain, Sec. 5.21, p. 28; 29 C.J.S., Eminent Domain, § 196, p. 1101; People v. Ocean Shore R. Co. 90 Cal. App.2d 464, 203 P.2d 579; Hennessey v. Wilson, Miss. 1955, 83 So.2d 176; In re Upper New York Bay, 246 N.Y. 1, 157 N.E. 911, certiorari denied Greater New York Dock & Warehouse Co. v. Stapleton Dock & Warehouse Corp., 276 U.S. 626, 48 S.Ct. 320, 72 L.Ed. 738.
For the reasons above stated, we think the court had jurisdiction to award the entire amount of the jury's verdict to Rosenberg et als. The cancellation of the contract is another matter. We find no basis in the pleadings for the cancellation of the option contract as to those parcels not involved in the condemnation proceeding. Accordingly, insofar as the order purports to cancel the option contract as to the property covered thereby which was not taken in the condemnation proceeding, it must be reversed. The advance payment made on the parcel taken in the condemnation proceeding may be credited on the purchase price of other parcels not so involved, if the option to purchase them is exercised; otherwise, it should in equity and good conscience be returned to the Craveros.
The order appealed from is affirmed insofar as it allocates the entire amount of the award to Rosenberg et als. It is reversed insofar as it attempts to cancel the contract as to property not taken in the condemnation proceedings.
Affirmed in part and reversed in part.
DREW, C.J., and THOMAS, and O'CONNELL, JJ., concur.