ARLENE CHERNICK, an Infant by SIDNEY CHERNICK, Her Guardian ad Litem, et al., Appellants, *v.* HARTFORD ACCIDENT AND INDEMNITY Co., Respondent.

Third Department, June 17, 1959.

*Philip Korn* and *Harold Schaffner* for appellants.

*Donald H. McCann* and *Walter E. O'Leary* for respondent.

REYNOLDS, J.  Arlene Chernick, an infant, was injured on July 31, 1956 while a passenger in an automobile owned by her mother and as the result of the alleged negligence by the operator of an uninsured automobile.  The mother had an uninsured automobile indorsement on her automobile insurance policy with the respondent.  The daughter was covered by this indorsement, and pursuant to it, when the company and the insured couldn't agree on the amount due, " then upon written demand of either, the matter or matters upon which the insured and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association ".  The appellants began an action against the owner and driver of the other car and after learning that it was uninsured they informed the respondent and made a claim under the above-mentioned indorsement.  On July 23, 1957 the appellants' attorney mailed a written demand to respondent for arbitration pursuant to the terms of the indorsement.  Thereafter a summons was issued to the respondent on August 13, 1957, and on September 5, 1957 a complaint was served setting forth a cause of action by the infant by her father as guardian ad litem and by the father alone for the medical expenses of the infant.  The respondent answered, setting up, among other things, the failure of the appellants to arbitrate pursuant to the terms of the policy.  Pursuant to a demand made by the respondent a bill of particulars was served.  On August 26, 1958 appellants sent a notice to examine the respondent before trial.  The respondent then moved to dismiss the complaint and refer the matter to arbitration and this motion was granted by the court below.

The appellants contend that there is a conflict of interest between the infant appellant and the respondent making the arbitration clause void, that they have complied with the terms of the policy and that the respondent has waived its right to arbitrate.  The respondent disputes these contentions.

It should first be pointed out that the court below could not, as it did, dismiss the complaint. The exclusive remedy in such a situation under section 1451 of the Civil Practice Act is a stay of the proceedings pending the arbitration (*American Reserve Ins. Co.* v. *China Ins. Co.*, 297 N. Y. 322, 326).

The appellants argue that there is a conflict of interest between the infant and the respondent because the latter is under a duty to furnish counsel to its insured. The respondent is, of course, under a duty to defend those insured by it but it certainly is not required to furnish counsel to them when they bring suit against the respondent itself.

The appellants point out that the infant appellant was not a party to the contract and that she has never agreed to arbitrate. However, she is seeking recovery as a beneficiary of the contract and as such she must do so according to its terms. However, section 1448 of the Civil Practice Act states: '' A controversy cannot be arbitrated * * * 1. When one of the parties to the controversy is an infant * * * unless the appropriate court having jurisdiction approve a petition for permission to submit such controversy to arbitration made by the general guardian or guardian ad litem of the infant ''. This would seem to prevent a stay pending arbitration being granted when the action is being brought by an infant and this was so held in *Benfante* v. *Commercial Ins. Co.* (5 Misc 2d 772). This raises the question, as was mentioned in that case, as to whether this is permitting the infant to take advantage of the terms of a contract which are advantageous to him while disaffirming a provision which is not to his liking. It would seem that the infant is not really disaffirming the provision of the contract as to arbitration inasmuch as the disability is one imposed by statute. It might be said that since under section 1448 a petition can be made by the infant's guardian for approval of arbitration that this should be done in fulfillment of the terms of the contract. It was held in *American Reserve* (*supra*) that the plaintiff does not fail to state a prima facie case merely because the contract on which suit is brought states that arbitration shall be a condition precedent to any suit. It was pointed out there that the Legislature by section 1451 provided a means of enforcing arbitration agreements which were previously unenforcible. Since the Legislature also provided that this could not be done in the case of infants it would not seem that the infant appellant here has disaffirmed that part of the policy pertaining to arbitration but rather that that provision cannot be enforced because of the statute.

The father's cause of action for loss of services and medical expenses does not come within the provision of section 1448 of the Civil Practice Act pertaining to infants. Here must be considered the appellants' argument that the respondent has waived its right to arbitration and has failed to initiate arbitration in accordance with the policy. In our view the respondent has not waived its right to arbitrate by serving an answer and demanding a bill of particulars, for it specifically raised in its answer the question of arbitration. It would also seem to be quite clear from the policy that the burden was not on the respondent to initiate the arbitration. It stated that " upon written demand of either " the matter should be arbitrated in accordance with the rules of the American Arbitration Association. Those rules provide that either party may initiate the arbitration. That they also provide that this person pay $50 at the start and $50 for every subsequent meeting is unfortunate for the insured but the contract specifically states that these rules govern. This burden is perhaps softened somewhat by the provision of the rules that the arbitrator may allocate the payment of the fees to the parties in such proportion as he deems equitable.

Therefore, the order dismissing the infant's cause of action and referring it to arbitration should be reversed and the order dismissing the father's cause of action should be modified to provide that the action be stayed until arbitration be had in accordance with the terms of the contract.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Order dismissing the infant's cause of action and referring it to arbitration reversed and the order dismissing the father's cause of action modified to provide that the action be stayed until arbitration be had in accordance with the terms of the contract.