J. Daniel Fink, J.
This is an action by the plaintiffs against the defendant, Associated Hospital Service of New York, Inc. (hereafter called AHS), for “ Blue Cross ” hospital-service benefits allegedly due plaintiffs from AHS under a contract for such services between the parties. Defendant moves for summary judgment on the ground that the action is barred by a two-year contract period of limitation.
It is undisputed that the hospital admission which gives rise to this suit was plaintiffs’ daughter’s admission to St. Luke’s Hospital from May 19, 1960 to June 14, 1960; coneededly the hospitalization which is the subject of this action was initiated more than two years prior to the date on which the present action was instituted.
*505 The contract for hospital service relied upon by plaintiffs contains the following provision:
“ARTICLE XU. MISCELLANEOUS PROVISIONS. * * *
11 0. No action at law shall be brought against AHS for any claim unless brought against AHS within two years from the date of the subscriber’s admission to the hospital.”
It is well settled in this jurisdiction that the parties to a contract of insurance may provide for a shorter limitation of actions than that provided in the general Statute of Limitations (see 20 Appleman, Insurance, § 11601 and cases cited). Such provision is not contrary to public policy (Soviero Bros. Constr. Corp. v. City of New York, 286 App. Div. 435, 437-438, affd. 2 N Y 2d 924).
The plaintiffs seek to avoid the impact of the limitation by advancing two theories: first, that they did not receive the certificate of contract and did not read the contract limitation provision contained therein, and second, that such limitation violates section 164 of the Insurance Law (subd. 3, par. [11]) which reads as follows: “ legal actions : No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished.”
The plaintiffs’ first contention has been readily overcome by the defendant by medium of its Exhibit “ J ” (plaintiffs’ hospital and surgical-medical application), which indicates that the plaintiff Anne Estoek constituted her employer as her remitting agent, who acted as her agent. It is not denied that all the papers necessary to constitute the plaintiff Anne Estoek as a policyholder, including an identification card and certificate of contract, were forwarded to her employer. If plaintiffs’ agent failed to forward a certificate of insurance to plaintiffs, the defendant may not now be estopped from asserting the contract period of limitation as a bar to their suit. Failure of delivery of the policy is not a defense (De Grove v. Metropolitan Ins. Co., 61 N. Y. 594, 602, 603; Searle v. Southern Sur. Co. of N. Y., 139 Misc. 175, 176); nor will it avail the plaintiffs that under the circumstances here present they never read the contract limitation provision (Metzger v. Ætna Ins. Co., 227 N. Y. 411, 416; Wright v. American Equit. Ins. Co., 131 Misc. 215, 218). At this point it may be noted that since the plaintiffs ’ claim is *506 bottomed upon defendant’s contract of insurance, they must be deemed bound by all of the provisions thereof.
The plaintiffs’ second contention is equally untenable. Section 164 of the Insurance Law is inapplicable to insurance companies generally. Article 7 of the Insurance Law, which includes section 164, does not affect every type of insurance. The legislative design indicating that section 164 of the Insurance Law, relied upon by the plaintiffs, is not applicable to •insurance companies generally, is best evidenced by the fact that subdivision 6 of section 168 of the Insurance Law, providing for a standard fire policy, provides for a 12-month period of limitation in contradistinction to the three-ye'ar limitation urged by the plaintiffs under the provisions of section 164.
This section does not mandate a three-year Statute of Limitation's, but merely provides the minimum and maximum periods in respect of Commencement of actions on accident and health insurance policies.
The legislative intent is further evidenced by the fact that entirely different l*required and prohibited provisions ” are mandated under the provisions of articles 7 and 9-A of the Insurance Law (cf. Insurance Law, § 164, subd. 3; § 253, subd. 3). It is further to be noted that article 7 of such law obviously does not affect casualty and surety policies, burglary policies, title insurance policies, marine policies, etc., and so m'ay not be asserted to be applicable to insurance companies generally.
The opinion of the Attorney-General (1932 Atty. Gen. 348) relied upon by the plaintiffs is not here applicable. There the Attorney-General held simply that a contract providing for hospital service was an insurance contract. This fact is not denied by the defendant.
On the basis of all of the foregoing, the two-year Statute of Limitations contained in the defendant’s policy is binding upon the plaintiffs, and they are accordingly barred from recovery upon their insurance contract. There being no issues of fact and credibility to be decided at trial, the defendant’s motion for summary judgment is granted and the Clerk directed to enter judgment accordingly.