## WEATHERFORD v. ALLSTATE INSURANCE CO.
No. 46316-L.
Circuit Court, Hillsborough County.
December 2, 1965.

J. Clifford Cheatwood of Sidwell & Cheatwood, Tampa, for plaintiff.

H. Glenn Waddell of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for defendant.

ROBERT W. PATTON, Circuit Judge.

*Final judgment:* This cause having come on to be heard before the court at a hearing set by agreement of counsel upon the motion to dismiss the amended complaint filed herein by the plaintiff on November 9, 1965, and the court, having heard the argument of council for the respective parties and pursuant to the announcement by the attorneys for the plaintiff that they did not desire to further amend the complaint, makes the following findings —

(a) This action was instituted by the plaintiff to recover under the "uninsured motorist" provisions of a policy of automobile liability insurance issued by the defendant to the deceased husband of the plaintiff prior to his death pursuant to the requirements of §627.0851, Florida Statutes. The death of the plaintiff's husband is alleged to have occurred as a result of an automobile accident between an automobile driven by plaintiff's deceased husband and

another automobile driven by one Edwin Dummise Johnson who is alleged to have been an uninsured motorist.

(b) The policy of automobile liability insurance, a copy of which is attached to the amended complaint, includes the following provisions —

INSURANCE AGREEMENTS: Damages for Injuries or Death caused by Uninsured Automobile. To pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident while this endorsement is in effect, and arising out of the ownership, maintenance or use of such uninsured automobile; provided, that for the purposes of this endorsement, determination as to whether the insured shall be legally entitled to recover such damages, and if so entitled the amount thereof, shall be made by agreement between the insured and Allstate, or in the event of disagreement, by arbitration.

No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and Allstate, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of Allstate.

NOTICE OF LEGAL ACTION: If before Allstate makes payment of loss hereunder the insured or his representative shall institute any legal action for bodily injury against any person operating an automobile involved in the accident, or an organization responsible therefor, a copy of the Summons and Complaint or other process served in connection with such legal action shall be forwarded immediately to Allstate.

ARBITRATION: In the event the insured and Allstate do not agree that the insured is entitled to recover damages from the owner or operator of an uninsured automobile on account of bodily injury of the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then upon written demand of either, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof. The insured and Allstate each agree to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this endorsement.

(c) The amended complaint further alleges that the plaintiff made demand on the defendant for the settlement of the damages arising under said insurance policy due to the death of her husband in said accident, and the refusal of the defendant to settle. In this connection attention is called to exhibit D attached to the amended complaint wherein the defendant advised the plaintiff's attorney

that if the plaintiff desired she could proceed to file for arbitration.

(d) In and by the amended complaint the plaintiff seeks, among other things, the following determinations by this court —

(1) That the arbitration provisions of the insurance policy, which is the subject matter of this action, are unconstitutional.

(2) That the arbitration provisions of said insurance policy do not comply with chapter 57 of the Florida Statutes.

(3) That the plaintiff is not bound by any of the arbitration provisions of the insurance policy.

(4) That the plaintiff did not read the insurance policy and therefore did not waive any constitutional right to trial by jury.

(5) That the insurance policy provides that arbitration shall be made in accordance with the rules of the American Arbitration Association, which the plaintiff claims are unconstitutional.

(6) That in the event it should be determined that the arbitration provisions of the insurance policy are valid, the provisions of §57.11, Florida Statutes, are unconstitutional for various reasons hereinafter mentioned.

This court has given full consideration to all the contentions of the plaintiff relative to the arbitration provisions of said insurance policy, and finds as follows —

(1) That arbitration provisions in insurance policies have been upheld by the appellate courts of Florida for many years subject to the exception that agreements to arbitrate future disputes were illegal. Included in cases so holding are — Hanover Fire Insurance Company v. Lewis et al, 10 So. 297, and New Amsterdam Casualty Company v. J. H. Blackshear, Inc. 156 So. 695.

(2) That under the provisions of chapter 57-402 Florida Statutes 1957 (now contained in sections 57.11 through 57.31 of the statutes), the legislature made valid arbitration agreements covering matters to arise in the future.

(3) Laws similar to chapter 57-402 appear to have been generally upheld as far as constitutionality is concerned. A collection of these cases is contained in an annotation in 55 A.L.R.2d, page 432. Among the questions treated in the decisions contained in this annotation concerning constitutionality are the following —

Claimed illegal delegation of judicial power, or ousting of jurisdiction of courts.

Claims of denial of trial by jury.

Claimed impairment of obligation of contract.

Claimed denial of due process of law.

Claimed violation of a provision of a state constitution (California) prohibiting the regulation of the powers of courts by special laws.

Chapter 57-402 appears to follow, to a large extent, the arbitration law of the state of New York which has been upheld in many decisions of the courts of that state. As early as 1921, in Berkovitz v. Arbib & Houlberg, Inc., 130 N. E. 288, Judge Cardozo, who was then a member of the Court of Appeals of New York, rendered an opinion upholding the constitutionality of the New York Arbitration Law against assertions that such law was unconstitutional because it denied the right of trial by jury, impaired the jurisdiction of the New York courts and impaired the obligations of a contract. The rights of parties to waive trial by jury (In re Shambow's Estate, 15 So.2d 837) and to waive right of appeal (Nail v. Browning, 76 So. 679, Nail v. Browning, 81 So. 269, Ward v. Ward, 117 So. 791) have long been generally recognized in Florida. The Florida courts have also held that policies of insurance constitute contracts between the insurer and the insured (Rosin v. Peninsular Life Insurance Company, 116 So.2d 798) and that in an insurance policy, the parties are at liberty to make such contracts as they deem advantageous unless restricted by statute (Reliance Mutual Life Insurance Co. of Illinois v. Booher, 166 So.2d 222).

(4) The plaintiff has contended that inasmuch as she was not a party to the insurance policy she should not be bound by the provisions thereof and that a holding that she is so bound would impair her constitutional rights and would also deprive her of her right to bring suit under the Death by Wrongful Act Statute. As to the first of these contentions attention is called to a similar contention made in Chernick v. Hartford Accident and Indemnity Company, 187 N.Y.S.2d 534, in which the New York court, in a case involving a claim under the "uninsured motorist" provisions of an automobile liability insurance policy, held that a person, other than the insured, who brought an action to recover on the policy was bound by the terms and provisions of the insurance contract. This case involved a contention that a minor heir of the deceased insured was not bound by the arbitration provision of the insurance policy, and while this was the ultimate result because the New York Arbitration

Law provides that it is not binding on minors, that court refused to give any consideration to the contention that the minor would not otherwise be bound by the provisions of the insurance contract. The plaintiff's contention with respect to the Death by Wrongful Act Statute appears to be without merit in that nothing contained in the insurance contract now under consideration purports to prevent the plaintiff, if she so desires, from bringing a direct action against the uninsured motorist. This, in the opinion of this court, is the extent of her rights under the Death by Wrongful Act Statute.

(5) The claim of the plaintiff based on her failure to read the insurance policy does not, in the opinion of this court, prevent the plaintiff from being bound by the terms and provisions of said policy in an action of this kind. The same question was raised in Estock v. Associated Hospital Services of New York, Inc., 257 N.Y.S.2d 559. This case also cites other authorities holding that the failure to read an insurance policy does not prevent one claiming thereunder from being bound by the terms and provisions of the policy. The plaintiff here claims no fraud, overreaching or undue influence.

(6) With respect to the contention of the plaintiff that the provisions in the insurance policy under consideration requiring the arbitration thereunder to be in accordance with the rules of the American Arbitration Association, it is the opinion of this court that there is nothing shown in the complaint from which it appears that said rules would be in conflict with the Florida Arbitration Code. A similar provision has been upheld by the New York courts under their arbitration law — see In re Orange Pulp & Paper Mills, Inc., 24 N.Y.S.2d 961. In any event, if the rules of the American Arbitration Association should prove to be in conflict with the Florida Arbitration Code, the provisions of the latter are sufficient to fully protect the rights of the plaintiff.

(7) The contention of the plaintiff that §57.11 of the Florida Statutes is unconstitutional is, in the opinion of this court, not upheld by the weight of authority, and certainly this court should not decree a statute to be unconstitutional unless it clearly appears to be so. The fact that the plaintiff believed that the Florida Arbiration Code is not in the best interest of the public is a matter for legislative determination.

(8) Lastly, the plaintiff has also contended that the provisions in the policy of insurance under consideration are in conflict with the intention of the legislature as expressed in §627.0851, Florida Statutes, this being the Florida law requiring the inclusion of "uninsured motorist" coverage in automobile liability policies. This court is of the opinion that there is nothing in §627.0851 which purports to direct the manner in which such provisions are to be

enforced. If arbitration provisions in policies of this nature are not in the best interest of the public, this again is a matter, in the opinion of this court, for legislative action.

(9) There have been relatively few decisions touching upon the validity of arbitration clauses in connection with automobile insurance policies containing "uninsured motorist" coverage. Most of these decisions are the subject of an annotation in 79 A.L.R.2d 1252. It is to be noted that each of the decisions therein contained wherein such arbitration provisions were held to be unconstitutional came from courts in states having no arbitration law of the kind now contained in the Florida Arbitration Code. The Florida Arbitration Code was adopted prior to the execution of the insurance policy now under consideration and, in the opinion of this court, is applicable thereto. The Florida District Court of the Third District has had the question of the constitutionality of arbitration provisions of this nature raised before it in two cases but was not required in either of these to pass upon the question. Cruger v. Allstate Insurance Company, 162 So.2d 690, and Zeagler v. Commercial Union Insurance Company of New York, 166 So.2d 616. The Florida District Court of the Second District upheld a demand for arbitration in Bohlman v. Allstate Insurance Co., 171 So.2d 23, but apparently no question was raised in that case as to the constitutionality of the provisions for arbitration. In the case now before this court the question of constitutionality has been directly raised by the plaintiff in its complaint.

(10) The plaintiff, in her argument, has also advanced the contention that once she is successful in coming into this court for declaratory relief, this court must then proceed to take jurisdiction over the entire matter of liability, damages, etc., and she relies on the language contained in Cruger v. Allstate Insurance Company, supra, as authority for this contention. While the language in that decision would appear to support the plaintiff, this court is of the opinion that, if the arbitration provisions of the policy in question are legal, the plaintiff cannot defeat such provisions by the simple filing of an action such as this. To hold otherwise would enable either party to avoid what appears to be a mandatory provision of the policy. This court is of the opinion that the plaintiff has a clear right to test constitutionality and legality of the arbitration provisions without prejudice to her right to proceed in accordance with the provisions of the policy if she is unsuccessful, but that she does not have the additional right to avoid such provisions if they are legal.

(11) This court is aware of the provisions of §57.12(2) with respect to an application for arbitration. No such application has yet been made by either party to this action.

104

Whereupon, it is ordered and adjudged that this cause be and the same is hereby dismissed with prejudice as to all of the issues involved herein, and as to all such issues that the defendant go hence without day, provided, however, that nothing herein contained shall be construed in any manner to prevent the enforcement by the plaintiff of any and all rights she may have under the insurance policy issued by the defendant in the manner provided in and by said insurance policy.