484 So.2d 1292 (1986)
FLORIDA MEDICAL CENTER, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
SOUTH BROWARD HOSPITAL DISTRICT, Doctors General Hospital, Inc. of Plantation, Florida, Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Humhosco, Inc., d/b/a Humana Hospital Bennett, Tamarac Hospital Corp., Inc. d/b/a University Community Hospital, and Humhosco, Inc., D/B/a Humana Hospital South Broward, Appellees.
Nos. BD-45, BD-46, BG-86, BG-198 and BG-203.
District Court of Appeal of Florida, First District.
March 4, 1986.
Rehearings Denied April 7, 1986.
*1293 Eric B. Tilton, Tallahassee, Loyd M. Starret, of Foley, Hoag, & Eliot, Boston, Mass., Clarke Walden, Dania, Barry G. Craig & Richard C. Klugh, Jr., of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for appellants.
John F. Gilroy, Asst. Gen. Counsel, Tallahassee, Thomas A. Sheehan, III, of Moyle, Flanigan, Katz, Fitzgerald & Sheehan, West Palm Beach, John H. French, Jr. & James Hauser of Messer, Vickers, Caparello, French & Madsen, Tallahassee, for appellees.
ERVIN, Judge.
In these consolidated appeals, appellants, acute-care facilities located in the same health service area, appeal orders of the Department of Health and Rehabilitative Services (HRS), denying their petitions for formal administrative hearings as to HRS's decisions to issue certificates of need (CONs) to other acute-care facilities in the same service area. We affirm in part, reverse in part, and remand for further consistent proceedings.
In 1981, Hospital Corporation of America (HCA), through its subsidiary, Tamarac Hospital Corporation, Inc., submitted a CON application to HRS to add 73 beds to its existing 209-licensed bed-capacity at University Community Hospital. That same year Humana, Inc., through its subsidiary, Humana of Florida, Inc., submitted a CON application for an additional 64 medical/surgical beds at Humana Hospital Bennett (Bennett), a 204-licensed-bed facility. Humana simultaneously offered to delicense 64 beds at Humana Hospital South Broward (HHSB) in conjunction with the application. By final order dated May 27, 1983, HRS denied the two applications, and both applicants  as well as others, not appellants in these consolidated cases  took appeals therefrom to the Fourth District Court of Appeal. In 1983, during the pendency of its appeal, Humana submitted a second application seeking approval of an additional 64 medical/surgical beds at Bennett, which would be transferred from HHSB to Bennett. HRS initially denied that application and Bennett petitioned for a formal administrative hearing. Appellants, South Broward Hospital District (SBHD) and Doctors General Hospital, Inc. (Doctors), of Plantation, Florida, intervened and were made parties to Bennett's petition, and the case was assigned to a Department of Administration hearing officer to conduct a hearing thereon.
During the pendency of both applicants' appeals to the Fourth District Court of Appeal and the administrative proceeding as to Bennett's later filed application, HRS entered into stipulations with University and Bennett, agreeing as to University, that it would issue a CON to University for the addition of 60 medical/surgical beds on the top floor of that facility, subject to certain conditions as to when University would be permitted to open the last 20 beds of the 60 beds. University thereupon agreed to dismiss its pending appeal before the Fourth District Court of Appeal. As to Humana, HRS agreed to issue a CON to Humana for the transfer of 53 beds from HHSB to Bennett, and Humana in turn agreed to delicense 53 beds at HHSB simultaneously *1294 with the licensure of the 53 beds at Bennett. Humana additionally agreed to dismiss with prejudice its petition for a hearing as to its 1983 application, as well as its appeal before the Fourth District from the final order denying the 1981 application for additional beds at Bennett. HRS further agreed that its issuance of both CONs would constitute final agency action, and that it would publish notices regarding such actions in the Florida Administrative Weekly. HRS, however, would not provide notice of the right to a hearing or other administrative review by substantially affected persons, in that it considered its actions were final and not subject to further administrative review.
Shortly thereafter petitions were filed by appellants Florida Medical Center (FMC) and Doctors, seeking hearings on HRS's decisions to grant CONs to both Bennett and University, and, by appellant South Broward Hospital District (SBHD), as to the issuance of the CON to Bennett only. HRS, relying upon Agrico Chemical Co. v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 2d DCA 1981), determined that the appellants were not substantially interested parties, as required by Section 120.57(1), Florida Statutes, and denied all appellants' petitions for hearings; hence these appeals.
Turning to the explicit reasons HRS gave in its final orders on review for the denial of the hearings  that economic injury is not a sufficient, substantial interest under the Agrico test  we disagree. As we observed in Florida Medical Association v. Department of Professional Regulation, 426 So.2d 1112, 1118 (Fla. 1st DCA 1983), Agrico "illustrate[s] the rule that in licensing or permitting proceedings a claim of standing by third parties based solely upon economic interest is not sufficient unless the permitting or licensing statute itself contemplates consideration of such interests". (e.s.) Applying this test, we are required to look at the particular licensing statute in question to determine whether it contemplates consideration of injury to a competitor's economic interest within the same service district by reason of the granting of a CON to a competing health care facility.
We are of the view that Chapter 381, Florida Statutes, requires HRS, in its review of CON applications, to examine the economic effect that a CON will have on an existing, competing facility. Among other things, sections 381.494(6)(c)2 and 12 require HRS to determine the "adequacy of like and existing health care services" in the same service area, and the probable impact of the proposed project on competition in such area. Indeed, our opinions have recognized that competing health care facilities within the same service area have the right to intervene as third parties. See NME Hospitals, Inc. v. Department of Health and Rehabilitative Services, 10 FLW 1976 (Fla. 1st DCA August 20, 1985); Community Psychiatric Centers, Inc. v. Department of Health and Rehabilitative Services, 474 So.2d 870 (Fla. 1st DCA 1985). Compare North Ridge General Hospital, Inc. v. NME Hospitals, Inc., 478 So.2d 1138 (Fla. 1st DCA 1985) (applicant did not have standing because it did not demonstrate that it was an affected person under Florida Administrative Code Rule 10-5.01(20), defining affected persons as health care facilities located in the health service area in which the service is proposed to be offered, providing services similar to the proposed services under review). Additionally, Rule 28-5.207 permits "[p]ersons other than the original parties to a pending proceeding who have a substantial interest in the proceeding" to seek intervention into the proceeding within a period up to five days before the final hearing. Although an agency's rule may not serve to restrict standing to one who would otherwise be determined to be a substantially interested party for purposes of being accorded a hearing under section 120.57(1), an agency's rule, such as these above, may, consistent with the regulatory statutory purpose, define or identify those persons who have the right to party status. The above rules, when considered together, clearly provide that an existing health care *1295 facility in the same service area be accorded party status as an intervenor. We therefore reject the explicit reasons given by HRS for the denial of the petitions for hearings.
We also reject FMC's argument that an agency has no authority under the circumstances at bar to modify its previously filed final order. FMC contends that because there is no explicit authority, either by statute or rule, permitting HRS to enter into post-final order action, such action  here the stipulations  must be considered illegal and an abuse of the agency's authority. FMC, however, fails to take into proper account a party's right to settle its differences with another party to an appeal even after the entry of a final order. At the time the stipulations were executed, appeals were pending before the Fourth District Court of Appeal. The stipulations, as stated, included an agreement to dismiss the appeals. Such an agreement is clearly consistent with Florida Rule of Appellate Procedure 9.350(a), authorizing parties to dismiss an appeal by filing before the court a signed stipulation for dismissal. Clearly such procedure is applicable to review of final administrative orders. The Florida Rules of Appellate Procedure apply to review of final orders from both courts and administrative agencies. See Fla.R.App.P. 9.110. Rule 9.350(a) fits like a glove with Section 120.57(3), Florida Statutes, permitting "informal disposition ... of any proceeding by stipulation, agreed settlement, or consent order." As we recognized recently in NME Hospitals, Inc. v. Department of Health and Rehabilitative Services, 10 FLW at 1978: "Under the circumstances in which the agency itself is a party to the stipulation entered into, and there are at that time no parties contesting the application, section 120.57 cannot be considered as authority for requiring the entry of a hearing officer's recommended order to be reviewed by the same agency that has previously consented to the terms of the agreement." We therefore see no impediment to a stipulation entered during the pendency of appellate proceedings, having the effect of modifying the agency's final order, if at such time all parties that had timely intervened resolved their differences by executing the stipulation.
As to FMC's and Doctors' petitions for a hearing contesting the granting of the CON to University, we affirm the final orders on review, denying them hearings, on the authority of NME Hospitals, Inc. v. Department of Health and Rehabilitative Services. We regard the reasoning applied to the appellants in NME equally applicable to appellants at bar: because the record does not disclose that appellants availed themselves of a clear point of entry provided to them by the administrative process, they must be considered to have waived their rights to such hearing. The issuance of the CON to University, pursuant to stipulation, was the end result of the administrative process that began with HCA's application in 1981. The limited record on review before us, consisting of the parties' petitions for administrative hearings, stipulations, and the final orders, does not disclose that either FMC or Doctors timely intervened in the ongoing administrative proceedings at any time prior to five days before the hearing was conducted on the applications, as required by Florida Administrative Code Rule 28-5.207.[1] Indeed, the first attempt made by either of the two appellants to intervene occurred long after the entry of the 1983 order and the later appeal. We therefore affirm the order denying their petitions for hearing contesting the granting of the CON to University.
We agree, however, with the positions asserted by Doctors and SBHD in *1296 regard to their rights as substantially interested parties to hearings on the CON application granted to Bennett. Bennett  unlike University  was not content to avail itself of the review process afforded to it by section 120.68. Instead, during the pendency of that appeal, it filed a later application for a CON substantially similar to that which it had previously applied for and been denied. The record reveals that SBHD and Doctors had already been permitted to intervene into the ongoing administrative proceeding; yet they were denied the opportunity to contest  and indeed were afforded no notice of  the proposed stipulation. In exchange for the issuance of a CON to Bennett, Bennett agreed not only to dismiss its pending appeal, but to dismiss the very administrative proceeding to which SBHD and Doctors had already been made parties. It is obvious that the stipulation cannot be regarded as binding on those parties that did not agree to its terms. See Nail v. Browning, 77 Fla. 184, 81 So. 269 (1919). The matters agreed upon in the stipulation were matters which neither HRS nor Bennett had the right to carry out in that they impinged upon the rights of existing parties (Doctors and SBHD) to the proceeding that had not agreed to the proposed settlement.
Although neither Doctors nor SBHD intervened into the administrative proceeding before the entry of HRS's final order dated May 27, 1983, as to Humana's earlier filed application, their timely intervention as parties to Humana's later filed application forecloses any argument that they waived a clear point of entry into the administrative proceeding. Waiver can only occur, as stated by us in Capeletti Brothers, Inc. v. State, Department of Transportation, 362 So.2d 346, 348 (Fla. 1st DCA 1978), after "the agency's rules ... clearly signal when the agency's free-form decisional process is completed or at a point when it is appropriate for an affected party to request formal proceedings... ." In that the affected parties (Doctors and SBHD) had requested formal proceedings, no waiver of any of their rights could have occurred.
Regarding FMC's application for a hearing, contesting the granting of a CON to Bennett, the record does not disclose that FMC had, prior to the stipulation entered into between the parties, sought to intervene as a party on Bennett's later filed application for a CON. The stipulation, as of the date of its entry, August 14, 1984, recites that Bennett's request for an administrative hearing was then pending. Because HRS deemed no hearing was necessary as to the matters agreed upon in the stipulation, the scheduled hearing relating to the denial of Bennett's petition for a CON was cancelled. After the CON was granted to Bennett pursuant to stipulation, FMC on September 5, 1984 then petitioned for hearing. It is impossible to ascertain from this record whether more than five days remained at the time the stipulation was executed for FMC to seek to intervene, as required by Rule 28-5.207. If less than five days remained at such time, FMC would be considered to have waived its point of entry into the administrative proceeding; otherwise, no waiver can be deemed to have occurred. The record, therefore, as to FMC's right to intervene into the hearing on Bennett's application for a CON, is incomplete. In that Florida Rule of Appellate Procedure 9.200(f)(2) requires the court to provide the appellant an opportunity to supplement the record before deciding the case on the merits, see Starks v. Starks, 423 So.2d 452 (Fla. 1st DCA 1982), we remand the cause to the agency in order to afford FMC such opportunity.
AFFIRMED in part, REVERSED in part, and remanded for further consistent proceedings.
WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] This statement requires clarification. University filed a motion before this court to supplement the record with (1) FMC's petition to intervene in the proceeding involving University's 1981 CON application, (2) the DOAH order granting the petition, and (3) FMC's later motion to withdraw as an intervenor, which advanced as a ground that its presence, along with that of others, would create "redundancy of evidence." FMC opposed the motion, responding that the proposed supplemental exhibits referred to another DOAH case, and "not the matter below which resulted in this appeal." The motion to supplement was denied.