ON MOTION FOR CLARIFICATION GRANTED
PER CURIAM.
We reverse the order appointing as receiver a corporate real estate broker organized pursuant to the Florida General Corporation Act, Chapter 607, Florida Statutes (1989). The Banking Code and the Florida General Corporation Act each contemplate that only natural persons, banks or trust companies, incorporated under the laws of this state and having trust powers, and national banking associations or federal associations, located in this state and having trust powers, may serve as receivers. See §§ 660.41, 607.281, 607.1432, Fla. Stat. (1989). Therefore, because the brokerage firm did not fit in any of the above categories, the trial court’s order must be reversed.
Also, the court order exceeded the scope of the pleadings in appointing a receiver not only over the mortgaged property but also over other real estate not subject to the mortgage. The complaint filed by appellee sought to foreclose a mortgage. While appellee’s amended complaint alleged appellant’s breach of their Joint Venture Agreement, the three motions for receiver filed by appellee all sought a receiver only over the mortgaged property; none were amended to seek a receiver over all joint venture property. Nevertheless, *1392 the order of receivership was not limited to the mortgaged property as it should have been. See Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927) (jurisdiction of court remains at rest until called into action by some suitor); see also Cravero v. Florida State Turnpike Auth., 91 So.2d 312 (Fla.1956) (reversal required where pleadings provided no basis for court’s order).
Accordingly, we find no abuse of discretion in the trial court’s decision to appoint a receiver over the mortgaged property. That receiver must meet the statutory requirements stated above. Any additional property of the appellant which appellee seeks to place in receivership should be requested by appropriate pleading or motion and supported by a showing of the necessity to preserve the appellee’s interest in the subject property pending resolution of the primary claim.
Although the evidence clearly supported the appointment of a receiver for the mortgaged property, the receiver appointed was unauthorized and the property over which he was appointed was overbroad.
Affirmed in part, reversed in part, and remanded.