GOSHORN, J.
Bernard Kwastel (Kwastel) and Lake Silver School of Real Estate (the School) appeal the order of the Florida Real Estate Commission (the Commission) accepting a stipulated settlement whereby Kwas-tel gave up his instructor’s license and the School relinquished its permit for a two-year period for the offenses of failing to comply with the continuing education course approval requirements and the score reporting requirements. We affirm.
The Department of Business and Professional Regulation (the Department) charged Appellants with four counts of offering a correspondence course after the approval for the course had expired and with failing to report numerical grades for the students. Possible penalties ranged from a reprimand, to a maximum $5,000 fine per count, to a 10-year suspension of the license and permit, to absolute revocation thereof. Fearing the imposition of a harsh penalty, Appellants entered into a stipulation with the Department. Appellants agreed that they would allow the revocation of Kwastel’s instructor’s license *763 and the School’s permit for a two-year period, with the right to seek reinstatement thereafter. Crucial to our decision is the fact that Appellants also agreed to the following:
The [Appellants] hereby waives [sic] all notice requirements and right to seek judicial review of or to otherwise challenge or contest the validity and/or enforcement of the terms of this Stipulation and/or any resulting final order of FREC adopting and incorporating the same.
The Commission originally rejected the stipulation, but upon Appellants’ renewal of their request to have it approved, the Commission entered its order accepting and adopting the stipulation.
After the final order was entered, Appellants sought to have their penalty reduced because the Commission had entered a more lenient penalty in a similar case and because they believed that Phillips v. Department of Business and Professional Regulation, 737 So.2d 553 (Fla. 1st DCA 1998) applied to their case.[1] The Commission denied their motion for reconsideration and modification.
While we may be sympathetic to the fact that the stipulated penalty was harsh considering the facts of the case, we cannot overlook the provisions of the binding stipulation. Appellants agreed not to seek judicial review of the order adopting the stipulation and are thus precluded from challenging the terms of the stipulation and the order adopting same. See Nail v. Browning, 77 Fla. 184, 81 So. 269 (1919) (party stipulating not to object to final order or appeal therefrom is bound by stipulation not to prosecute appeal). Accordingly, we affirm,
AFFIRMED,
COBB and GRIFFIN, JJ., concur.

. We note that* Appellants never sought to obtain relief from the stipulation by moving to withdraw from it, although given the basis for any such attempt, we doubt it would have been successful. See EGYB, Inc. v. First Union Nat'l Bank, 630 So.2d 1216, 1217 (Fla. 5th DCA 1994); Curr v. Helene Transp. Corp., 287 So.2d 695, 697 (Fla. 3d DCA 1973) ("In order to obtain relief from a stipulation, a party must make a reasonable motion to withdraw [the] stipulation supported by an affidavit showing good cause. However, no relief will be given where it appears that it was voluntarily undertaken and there is no indication that the agreement was obtained by fraud, misrepresentation, or mistake of fact.”) (citation omitted).