426 So.2d 56 (1983)
SHARED SERVICES, INC., Appellant,
v.
STATE of Florida DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. AI-453.
District Court of Appeal of Florida, First District.
January 7, 1983.
Rehearing Denied February 17, 1983.
Charles B. Carter of Jones & Langdon, Gainesville, for appellant.
Eric Haugdahl, Asst. Gen. Counsel for Department of Health and Rehabilitative Services, Tallahassee, for appellee.
*57 JOANOS, Judge.
In this appeal from a final order of the Department of Health and Rehabilitative Services ("HRS"), Shared Services, Inc. ("Shared Services") contends HRS erred in determining that it lacked standing to request a formal hearing on the application of Shands Teaching Hospital ("Shands") for licensure to operate an air ambulance service and certification of Shands as an advanced life support provider. Shared Services also asserts HRS erred in stating, in the final order, that the issue of duplication of services had been resolved through Shands obtaining certificates of public convenience and a certificate of need.
Shared Services petitioned HRS for a formal administrative hearing to review the licensure of Shands to operate an air ambulance service and the certification of Shands as an advanced life support (ALS) provider. In the petition it was alleged that Shared Services was already licensed to operate a rescue helicopter with ALS certification in some 12 counties and that Shands proposed to operate its service in these counties in direct competition with Shared Services, thus Shared Services' substantial interests would be affected by the granting of Shands' application for licensure and certification. Shared Services further alleged that disputed issues of fact existed as to whether the new service would unnecessarily duplicate the existing service; that both operations were based in Gainesville, Florida; that operation of such services is expensive, and only by maximum utilization can costs and charges to patients be kept reasonable, and quality of services maintained; projections showed more than one helicopter service would have negative impact on financial feasibility and quality of care; duplication would result in operating deficits and increased user fees; and competition might prevent emergency victims from receiving care in the most appropriate facility. In the petition for hearing Shared Services requested a determination of the duplication of services issue.
In the final order HRS concluded, among other things that the basic thrust of Shared Services' petition was that approval of Shands' application would result in economic injury to it, but competitive economic injury alone is insufficient to afford standing to request a formal hearing under Section 120.57, Florida Statutes, as there is no statutory authority for making competitive economic injury a concern in the issuance of licenses and certifications under Chapter 401, citing Agrico Chemical Co. v. Department of Environmental Regulation, 406 So.2d 478 *58 (Fla. 2d DCA 1981), and ASI, Inc. v. Public Service Commission, 334 So.2d 594 (Fla. 1976).
Shared Services argues that it has standing to request a Section 120.57 formal hearing on Shands' application, because it has a substantial interest that is within the ambit of Chapter 401. Shared Services contends that a legislative concern with duplication of services is evident in Sections 401.113, 401.117, 401.24, and 401.25(2), Florida Statutes, and in Rule 10D-66.41(d), Fla. Admin. Code. In summary, Shared Services argues the statutory provisions and the rule indicate that competitive economic interests, as they relate to the issues of duplication of services, quality of services, and coordination of emergency services, are within the zone of interests protected by Chapter 401, thus they have standing under the test set forth in Agrico for ascertaining whether a party has a substantial interest entitling them to a hearing.[1] Shared Services asserts that, as in Gadsden State Bank v. Lewis, 348 So.2d 343 (Fla. 1st DCA 1977), HRS made duplication of services an issue by its own Rule 10D-66.41(d).[2]
Shared Services also asserts errors in the other portions of the order dealing with the substantive aspect of the duplication issue, however, we need only focus on the standing question in order to conclude this appeal.
Appellees argue that Shared Services has no standing to raise an issue of potential injury on behalf of prospective patients, that economic injury alone is not within the protection of Chapter 401, and that once the required information has been filed, HRS's function in granting a license is merely ministerial. Appellees point out that the parties are involved in separate proceedings challenging the issuance of a certificate of need to Shands, and that the interests allegedly involved here are protected by the statutory scheme for issuance of that certificate, Sections 381.493  381.499, Florida Statutes. HRS stated that even though issuance of a license under Chapter 401 is not conditioned on Shands obtaining a certificate of need, if the certificate were revoked in the separate proceedings, HRS could halt operation of Shands' service.
Under the test set forth in Agrico, Shared Services lacked standing to obtain a Section 120.57 hearing on Shands' application for licensure and certification. Separate statutory provisions cover licensure as an emergency medical transportation service and certification as an advanced life support provider. Sections 401.113 and 401.117 relate to grant disbursement, a subject entirely unrelated to Shands' present licensure and certification. In addition we do not interpret Section 401.24, requiring a comprehensive state plan for emergency and nonemergency medical transportation services, or Section 401.25(2), as authorizing inquiry into competitive economic injury to an existing service. Section 401.25(2) merely lists the contents required in an application for an emergency or nonemergency medical transportation service license, and upon compliance with that section and the requirements of Section 401.25(3), "[t]he department shall issue a license for operation within 60 days... ." Rule 10D-66.41(d), Fla. Admin. Code, relating to ALS certification, does mention unnecessary duplication of services,[3] however it does not specifically purport to protect competitors from economic injury. Although other manifestations of unnecessary duplication are asserted, such as a negative impact on potential care recipients, Shared Services' particular *59 interest has not been shown to be other than an economic one. The construction placed upon Rule 10D-66.41(d) by HRS excluding consideration of competitive economic injury to providers is a reasonable one since there is no statutory language to the contrary. Absent clear authority for the insertion of competitive economic consideration into the licensing and certification procedures involved here, the final order determining Shared Services is not entitled to a Section 120.57 hearing regarding Shands' licensure and certification is AFFIRMED.
LARRY G. SMITH and SHAW, JJ., concur.
NOTES
[1] Under Agrico, the criteria for ascertaining whether a party has a substantial interest entitling them to a hearing are: (1) the party will suffer injury in fact; (2) the substantial injury is of a type or nature which the proceeding is designed to protect. 406 So.2d at 482.
[2] We have been informed through a notice of supplemental authority that Rule 10D-66.41 Fla. Admin. Code has been repealed effective November 29, 1982. Appellant in its response to the notice of supplemental authority, stated it is challenging the authority of the agency to repeal that rule.
[3] Rule 10D-66.41(d), Fla. Admin. Code provided: Each ALS provider shall provide documentation that its service will not represent unnecessary duplication of services offered by other ALS providers.