474 So.2d 870 (1985)
COMMUNITY PSYCHIATRIC CENTERS, INC., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Psychiatric Institutes of America, Inc. D/B/a Psychiatric Institute of Orlando, Appellees.
No. BD-13.
District Court of Appeal of Florida, First District.
August 20, 1985.
*871 Morgan L. Staines, Sr. Asst. Gen. Counsel, Santa Ana, Cal., and John H. Parker, Jr., and Thomas D. Watry, of Parker, Hudson, Rainer, Dobbs & Kelly, Atlanta, Ga., for appellant.
John M. Carlson, Asst. Gen. Counsel, Fort Lauderdale, and Steven W. Huss, Asst. Gen. Counsel, Tallahassee, for appellee Dept. of Health and Rehabilitative Services.
C. Gary Williams and Michael J. Glazer, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee Psychiatric Institutes of America, Inc. d/b/a Psychiatric Institute of Orlando.
SHIVERS, Judge.
Community Psychiatric Centers, Inc. (CPC) appeals a final order of the Department of Health and Rehabilitative Services (HRS) dismissing its petition for formal administrative hearing as untimely. We affirm the dismissal because CPC is not a "substantially affected" person.
In November 1982 Psychiatric Institutes of America, Inc. (PIA) filed a Certificate of Need (CON) application for a psychiatric specialty hospital in Orange County. PIA's application was initially denied in February 1983 and in March 1983 PIA requested a formal hearing.
In November 1983, four batching cycles after PIA had filed its application, CPC filed an application for a CON in Orange County. When CPC filed its application, it had no existing health care facility in the health service district in which Orange County is located.
In December 1983 PIA and HRS entered into a Stipulation and Agreement[1] whereby HRS would issue a CON to PIA. CPC acquired actual notice of the granting of this CON in February 1984. On March 30, 1984, HRS published notice of issuance of the CON to PIA in Florida Administrative Weekly.
On April 18, 1984, CPC filed its petition for formal administrative hearing. PIA filed a motion to dismiss and the Hearing Officer recommended dismissal, finding that CPC had actual written notice on or before February 23, 1984, of the decision to grant the CON to PIA but that the petition for hearing was filed with HRS twenty-five days after the time expired to timely request a hearing. HRS adopted by reference the findings of fact made by the Hearing Officer. HRS noted that CPC's application for a CON was filed, considered and acted upon in a different batching cycle than PIA, the PIA application being filed in November 1982 and the CPC application in September 1983. HRS, observing that the two applications were neither simultaneous, near simultaneous, nor in consecutive cycles, found that the Hearing Officer reached the correct result and struck CPC's *872 challenge to the Certificate of Need issued to PIA.
CPC cites Bio-Medical Applications of Clearwater, Inc. v. Department of Health and Rehabilitative Services, 370 So.2d 19 (Fla. 1st DCA 1979) and Bio-Medical Applications of Ocala, Inc. v. Office of Community Medical Facilities, 374 So.2d 88 (Fla. 1st DCA 1979) to support its right to a comparative hearing. These cases involved applications that were filed simultaneously, or near simultaneously. In the case sub judice, the applications were filed four batching cycles apart.
To be entitled, CPC must be an affected person. Rule 10-5.02(20), FAC, defines an "affected person":
(20) "Affected person" means the person whose application/proposal is being reviewed, members of the public who are to be served by the person proposing the project, health care facilities and health maintenance organizations located in the health service area in which the service is proposed to be offered or developed which provide services similar to the proposed services under review, and health care facilities and health maintenance organizations which, prior to receipt by the agency of the proposal being reviewed, have formally indicated an intention to provide such similar services in the future.
The record does not reveal that CPC falls within any of the four categories of an "affected person." Therefore, the dismissal of the petition of CPC is affirmed.
AFFIRMED.
ERVIN and JOANOS, JJ., concur.
NOTES
[1] The published announcement of the Stipulation and Agreement expressly failed to mention that substantially affected persons would have 30 days in which to petition for administrative proceedings. At oral argument the court was informed that this practice is no longer employed by HRS, subsequent to recent decisions of this court.