478 So.2d 1138 (1985)
NORTH RIDGE GENERAL HOSPITAL, INC., Appellant,
v.
NME HOSPITALS, INC., d/b/A Delray Community Hospital and Florida Department of Health and Rehabilitative Services, Appellees.
No. BG-454.
District Court of Appeal of Florida, First District.
November 15, 1985.
*1139 Richard E. Benton of Young, Van Assenderp, Varnadoe & Benton, Robert M. Ervin, Joseph C. Jacobs, and Dean Bunch of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellant.
C. Gary Williams and Michael J. Glazer of Ausley, McMullen, McGehee, Carothers and Proctor, Tallahassee, for Delray Community Hosp., John F. Gilroy, Asst. Gen. Counsel, Tallahassee, for HRS.
MILLS, Judge.
This is an appeal by North Ridge General Hospital (North Ridge) from a final order by Florida Department of Health and Rehabilitative Services (HRS) granting the application of Delray Community Hospital (Delray) for a certificate of need (CON) to provide an open heart surgery program and to establish a cardiac catheterization lab in Palm Beach County, HRS District IX. North Ridge argues that the hearing officer and HRS erred in concluding that it failed to prove standing to contest Delray's application and in determining that Delray is entitled to the CON. We disagree and affirm.
To demonstrate standing, a party must prove (1) injury in fact of sufficient immediacy, and (2) the injury is of a type the proceeding is designed to protect, commonly referred to as the "zone of interest" test. Agrico Chemical Company v. Department of Environmental Regulation, 406 So.2d 478, 482 (Fla. 2d DCA 1981). In Humana, Inc. v. Department of Health and Rehabilitative Services, 469 So.2d 889 (Fla. 1st DCA 1985), this court concluded that the figures utilized by HRS, in the rule regulating the present case, were not designed to protect existing industry from competition. That being the situation, there is no statutory authority for making competitive economic injury a concern in the issuance of certificates under Chapter 381, Florida Statutes (1983). See, Shared Services, Inc. v. Department of Health and Rehabilitative Services, 426 So.2d 56 (Fla. 1st DCA 1983).
Therefore, inasmuch as we find the only "substantial interest" demonstrated by North Ridge is that of future adverse economic impact, the hospital does not fall within the zone of interest the statute was designed to protect, and consequently does not have standing. This conclusion is further buttressed by the fact that North Ridge is not an "affected person" under Section 10-5.02(2), Fla. Admin. Code, as discussed in the case of Community Psychiatric Centers, Inc. v. Department of Health and Rehabilitative Services, 474 So.2d 870 (Fla. 1st DCA 1985).
Rules 10-5.11(15) and (16), Fla. Admin. Code, provide the Criteria against which CON applications for cardiac cath labs and open heart surgery programs are evaluated. These rules provide that HRS "will not normally" approve of such applications in any service area unless the respective criteria relating to need determination and current utilization of services are satisfied. The principle thrust of North Ridge's argument focuses on subpart (O) of Rule 10-5.11(15), and subpart (K) of Rule 10-5.11(16). These sections address the requirement that certain levels of utilization among existing and approved facilities be met prior to approval of any new applications. North Ridge contends these provisions should be read to foreclose HRS from issuing any certificates in the two proposed services.
To the contrary, the legislative purpose behind the certificate of need law is to provide for a balanced consideration of all relevant criteria. Department of Health and Rehabilitative Services v. Johnson & Johnson Home Health Care, Inc., 447 So.2d 361 (Fla. 1st DCA 1984). As this court stated in Collier Medical Center, Inc. v. Department of Health and Rehabilitative Services, 462 So.2d 83 (Fla. 1st DCA 1985), the appropriate weight to be given to each individual criterion contained in the statute regarding CON applications is not fixed, but rather must vary on a case-by-case basis, depending on the facts in each case.
*1140 We have examined the remaining points urged by North Ridge regarding satisfaction of the CON rule criteria and find them to be without merit.
Accordingly, we affirm the issuance of the certificates to Delray.
SMITH and THOMPSON, JJ., concur.