NIMMONS, Judge.
Psychiatric Hospitals of Florida, Inc., d/b/a Horizon Hospital (“Horizon”) operates a psychiatric hospital with two hundred beds. It challenges the validity of the Department of Health and Rehabilitative Services’ (“HRS”) inventory of specialty beds. We affirm.
In 1983, the legislature, pursuant to Chapter 83-244, Section 4, Laws of Florida, amended Section 395.003(4), Florida Statutes, as follows, the emphasized language representing the language added by the amendment.
The department shall issue a license which specifies the number of hospital beds on the face of the license. The number of beds for the rehabilitation or psychiatric service category for which the department has adopted by rule a specialty bed need methodology under s. 381.494 shall be specified on the face of the hospital license. All beds which are not covered by any specialty bed need methodology shall be specified as general beds. A licensed facility shall not continuously operate a number of hospital beds greater than the number indicated by the department on the face of the license.
Chapter 83-244 also amended Section 381.-494(8)(g), Florida Statutes, by adding the following emphasized language:
The department may issue a certificate of need predicated upon statements of intent expressed by an applicant in the application for a certificate of need which statements the department relied upon in its decision to issue the certificate of need and which relate to the criteria set forth in paragraph (6)(c). Any certificate of need issued for the construction of a new hospital or for the addition of beds to an existing hospital shall include a statement of the number of beds approved by type of service, for the *192 rehabilitation or psychiatric service category for which the department has adopted by rule a specialty bed need methodology. All beds which are approved but are not covered by any specialty bed need methodology shall be designated as general....
Pursuant to the above statutory mandate, HRS promulgated rules for defining specialty beds within the psychiatric and rehabilitative service categories.[1] HRS also perceived an implicit statutory mandate to inventory existing beds and categorize them in accordance with the new specialty bed service category rules.
After statewide investigation, HRS released its inventory list. Horizon was inventoried as having 178 short term psychiatric beds, and 22 short term substance abuse beds. The notice of inventory contained the following provision:
Any hospital wishing to change the number of beds dedicated to one of the specific bed types listed will first be required to obtain a certificate of need.
Horizon filed a petition for hearing challenging HRS’s inventory and a formal hearing thereon was conducted by a D.O. A.H. hearing officer.[2] The hearing officer recommended affirming HRS’s inventory and HRS adopted en toto the recommended order.
Horizon raises several points on appeal. First, it argues that the amended statutes were not intended to affect already existing licenses or CON’s, but only new ones. We reject this argument. The plain language of the amended statute, Section 395.003(4), Florida Statute (1983), requires HRS to develop specialty bed need methodologies. “Bed need methodology” is the method by which HRS determines whether additional beds in a particular category are needed. It is generally based on a ratio of beds to population. See Rule 10.5-ll(25)(d), Florida Administrative Code (1983). Obviously, in order to determine how many new beds are required, HRS must know how many beds are currently existing in a given specialty. In addition, license renewal occurs every two years, and a license will not be renewed unless applicants “meet the requirements established under this part and rules promulgated thereunder.” Section 395.003(2)(c), Florida Statutes (1983). Nonconforming hospitals are given a reasonable time from the promulgation of new rules, not to exceed one year, in which to conform. Section 395.005(5), Florida Statutes (1983). HRS correctly determined that the specialty categories it was instructed to promulgate are intended to apply to currently existing licenses.
We also reject Horizon’s related contention that application of the specialty rules to a currently existing license is a retroactive application of the law. The new specialty categories do not affect past service or rights in any way. In fact, the rules do not affect current practice of any hospital. HRS merely inventoried currently existing practice. It determined that Horizon has been and is currently operating 22 substance abuse beds and that in the future Horizon will have to go through the CON process to change that usage.
Next, Horizon asserts that HRS, in developing the inventory of existing substance abuse beds, did so in an arbitrary and capricious manner. Horizon complains that other hospitals which provide similar services were inventoried as having only psychiatric beds. Horizon does not argue, nor could it based on the record before us, *193 that Horizon did not actually have at least twenty-two substance abuse beds. Rather, Horizon argues that it is unfair to inventory its facility at twenty-two substance abuse beds while inventorying some other hospitals as having all psychiatric beds. Horizon is not challenging the rules which determine whether a bed is psychiatric or substance abuse. Instead it argues that HRS arbitrarily and capriciously carried out the determination in a manner that was unreliable and subject to abuse.
The testimony showed that HRS used a three step process to inventory affected hospitals. First, the Department considered Hospital Cost Containment Board reports to determine what the facilities report as actual services offered. Second, HRS considered the state directory of substance abuse facilities to see which facilities hold themselves out as offering substance abuse services. Third, each facility was contacted by telephone and by a follow up letter requesting verification and input into HRS’s proposed inventory. There was considerable testimony relating to the carrying out of this process. Suffice it to say that, as regards the inventory of Horizon’s beds, there was competent substantial evidence that such was done fairly.
Although there was conflicting evidence regarding the accuracy of the inventory process with respect to other facilities, that point was properly not addressed by the hearing officer or HRS since Horizon is not in any way thereby affected and since the other hospitals were not parties to the proceedings. If we were to force HRS to re-inventory the specialty beds in existence, it is clear that Horizon would still have at least twenty tw;o substance abuse beds.
The cases relied upon by Horizon to challenge the alleged arbitrary and capricious inventory of other hospitals all involve parties who were directly affected by the agency action. See Amos v. Department of Health and Rehabilitation Services, 444 So.2d 43 (Fla. 1st DCA 1983); Public Bank of St. Cloud v. State, 351 So.2d 73 (Fla. 1st DCA 1977); North Miami General Hospital v. Office of Community Medical Facilities, 355 So.2d 1272 (Fla. 1st DCA 1978). Such is not the case here. In this proceeding, Horizon has no interest in HRS’s categorization of specialty beds in facilities other than its own.
We have considered Horizon’s other points and find them to be without merit.
AFFIRMED.
WENTWORTH, J., and DAVEY, Associate Judge, concur.

. Only the psychiatric service category is involved in this appeal. HRS defined four specialty categories including: short term hospital inpatient psychiatric services; long term psychiatric services; short term hospital inpatient substance abuse services; and long term hospital inpatient substance abuse services. Rule 10-5.-11(25-27), Florida Administrative Code (1983). Under the former rules, these four specialty services were not specifically differentiated. See Rule 10-5.11, Florida Administrative Code (1982).

. Several other cases were consolidated and heard at the same time including one recently decided by this Court in Morton F. Plant Hospital Association, Inc. v. Department of Health and Rehabilitative Services, 491 So.2d 586 (Fla. 1st DCA 1986).