553 So.2d 229 (1989)
FLORIDA RESIDENTIAL TREATMENT CENTERS, INC., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Palms Residential Treatment Center, Inc., D/B/a Manatee Palms Residential Treatment Centers, Appellees.
No. 88-3238.
District Court of Appeal of Florida, First District.
November 14, 1989.
Rehearing Denied January 4, 1990.
Michael J. Cherniga, of Roberts, Baggett, Laface & Richard, Tallahassee, for appellant.
Michael J. Glazer and Stephen C. Emmanuel, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee Palms Residential Treatment Center, Inc.
Guyte P. McCord, III, of Macfarlane, Ferguson, Allison & Kelly, Tallahassee, for appellee Dept. of Health and Rehabilitative Services.
ERVIN, Judge.
Appellant, Florida Residential Treatment Centers, Inc., appeals from a final order rendered by the Department of Health and Rehabilitative Services (HRS), which determined that appellant lacked standing to intervene in a formal administrative hearing initiated by appellee Residential Treatment Center, Inc., d/b/a Manatee Palms Residential Treatment Center. We reverse and remand with directions for HRS to rule on appellant's exceptions.
In this case HRS erroneously concluded that Section 381.709(5)(b), Florida Statutes (1987), barred appellant, which held a preliminarily approved certificate of need (CON) but had not yet constructed its own facilities, from intervening, because it lacked standing. Before October 1, 1987, the effective date of section 381.709(5)(b), holders of CONs authorizing construction were accorded standing to intervene in proceedings concerning facilities offering similar services, even though they had not completed construction and opened their doors for business. See Psychiatric Insts. of Am., Inc. v. Department of Health & Rehab. Servs., 491 So.2d 1199 (Fla. 1st DCA 1986); St. Francis Parkside Lodge of Tampa Bay v. Department of Health & Rehab. Servs., 486 So.2d 32 (Fla. 1st DCA 1986). Because appellant held an approved CON before the passage of section 381.709(5)(b), which restricted standing, appellant's standing to intervene was not affected by the new statute.
Due to HRS's erroneous conclusion that appellant lacked standing, it failed to rule upon appellant's exceptions to the recommended order. This was error. Florida Administrative Code Rule 28-5.405(3) requires the agency to make explicit rulings on each exception made by a party. Remand *230 is therefore necessary to allow HRS to rule upon appellant's exceptions.
REVERSED AND REMANDED.
JOANOS and BARFIELD, JJ., concur.