561 So.2d 1224 (1990)
INTERNATIONAL JAI-ALAI PLAYERS ASSOCIATION, Appellant,
v.
FLORIDA PARI-MUTUEL COMMISSION; Florida Jai-Alai, Inc.; Golden Crown Corporation; Sports Palace, Inc.; Volusia Jai-Alai, Inc.; Dania Jai-Alai, Inc.; Summersport Enterprises, Ltd.; and Fort Pierce Jai-Alai, Inc., Appellees.
No. 89-51.
District Court of Appeal of Florida, Third District.
May 1, 1990.
Rehearing Denied July 11, 1990.
*1225 Kurzban Kurzban & Weinger and Ira J. Kurzban, Miami, for appellant.
David L. Swanson, Tallahassee, for Com'n.
Katz, Kutter, Haigler, Alderman, Eaton, Davis & Marks and Gary R. Rutledge and Paul R. Ezatoff and Marguerite H. Davis, Tallahassee, for Fronton appellees.
Taylor, Brion, Buker & Green and J. Riley Davis, Tallahassee, for Calder Race Course, Inc. and Tropical Park, Inc., as amici curiae.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the International Jai-Alai Players Association [Association] from a final order of the Florida Pari-Mutuel Commission [Commission] denying the Association standing before the Commission to contest an application by jai-alai fronton owners to change the fronton's opening and closing playing dates, operation dates and makeup performance dates. We affirm the final administrative order under review upon a holding that the members of the Association have no standing under Section 120.56(1), Florida Statutes (1987), to contest the changing of the jai-alai playing dates by the Commission, based on the "standing" test established in Agrico Chemical Co. v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 2d DCA 1981), rev. denied, 415 So.2d 1359, 1361 (Fla. 1982),[1] and, therefore, the Association has no standing to contest the changing of such dates on behalf of its members. Florida Home Builders Ass'n v. Department of Labor & Employment Sec., 412 So.2d 351 (Fla. 1982).
First, the Association has not alleged below that its members will suffer an injury in fact of sufficient immediacy to entitle it to a hearing under Section 120.57, Florida Statutes (1987). Agrico. The central injury asserted by the Association  namely, *1226 that the sought-after changes in the jai-alai playing dates will aid the fronton owners in their labor dispute with the Association and thus will either break or prolong the ongoing strike of the Association to the economic detriment of its members  is far too remote and speculative in nature to qualify under the first prong of the Agrico standing test; moreover, the remaining allegations of injury are equally remote, speculative, or irrelevant. Village Park Mobile Home Ass'n v. State, Dept. of Business Regulation, 506 So.2d 426 (Fla. 1st DCA), rev. denied, 513 So.2d 1063 (Fla. 1987); Florida Soc'y of Ophthalmology v. State, Bd. of Optometry, 532 So.2d 1279 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 1333 (Fla. 1989).
Second, the Association has not alleged below that the injury which it asserts its members will suffer is the type of injury which the subject proceeding before the Commission was designed to protect, so as to entitle it to a hearing under Section 120.57, Florida Statutes (1987). Agrico. On the contrary, the proceedings under Sections 551.031, 550.0841, Florida Statutes (1987), were not designed to protect the jobs or economic interests of jai-alai players; consequently, there can be no standing under the second prong of the Agrico standing test. Agrico; Florida Soc'y of Ophthalmology; Shared Servs., Inc. v. State, Dept. of Health & Rehabilitative Servs., 426 So.2d 56 (Fla. 1st DCA 1983).
Affirmed.
SCHWARTZ, C.J., and HUBBART, J., concur.
FERGUSON, Judge (dissenting).
Section 120.57, Florida Statutes (1987), provides: "The provisions of this section apply in all proceedings in which the substantial interests of a party are determined by an agency ..." [Emphasis added]. In my view the Association has pleaded sufficient facts to establish standing to complain.
Most of the jai-alai players who are members of the Association have been on strike claiming unfair labor practices by fronton permit holders acting in concert. The Association contends that administrative decisions which change operation dates midseason, and add make-up performances to the existing jai-alai schedule substantially affect the interests of these players. The Association's petitions, seeking a hearing, allege, inter alia, that the Commission's actions will eliminate the jobs of fifty players, directly aid the fronton owners' efforts to break the players' strike, freeze the current low level of play, and have already adversely impacted the integrity of the game causing a significant loss of revenues to the state.[1] It strikes me, as a nonesoteric matter, that the prospect of permanent unemployment, alone, is a substantial interest for the purpose of the first prong of the standing test. A demonstration, in the petition, of an immediate danger of sustaining some direct injury as a result of a challenged agency action is sufficient to confer standing under all of the authorities cited by the majority. See, e.g., Village Park Mobile Home Ass'n, Inc. v. State, Dept. of Business Regulation, 506 So.2d 426 (Fla. 1st DCA), rev. denied, 513 So.2d 1063 (Fla. 1987).
Part two of the standing test for an association asks whether the subject matter of the rule is within the Association's general scope of interest and activity and whether the relief requested is of the type appropriate for the Association to receive on behalf of its members. Florida Home Builders Ass'n v. Department of Labor and Employment Sec., 412 So.2d 351 (Fla. 1982). There is no contention by the Commission that the Association lacks standing under this part of the test.
*1227 There is considerable doubt whether that part of the standing test from Agrico Chem. Co. v. Department of Envtl. Regulation, 406 So.2d 478 (Fla. 2d DCA 1981), rev. denied, 415 So.2d 1359 (Fla. 1982), which requires a petitioner to assert that his substantial interest is of the nature which the proceeding was designed to protect, has survived the supreme court's decision in Florida Home Builders Ass'n.[2] The Agrico test, which is not found in any Supreme Court of Florida decisions, was not prejudicial to the applicant in that case owing to the nature of the proceeding which arose from an application for permits for an air pollution source and wastewater facility pursuant to the Florida Air and Water Pollution Control Act, chapter 403, Florida Statutes (1977). The purpose of the enactment, by expressed legislative declaration, is to control, regulate and abate activities which are causing pollution of the air and water. The court held that the petitioner lacked standing because its petition asserted only competitive economic interests and not environmental concerns.
Assuming, without conceding, that the Agrico test is applicable, the face of the petition entitles the petitioner to a favorable presumption on the standing issue. Clarke v. Securities Indus. Ass'n, 479 U.S. 388, 107 S.Ct. 750, 93 L.Ed.2d 757 (1987). The burden is on the Commission to show, by the evidence, that the Association's substantial injury is not of the type or nature which the proceeding was designed to protect against. In order to prevail on the standing issue the Pari-Mutuel Commission would have to prove, initially, that its responsibilities do not include protecting the integrity of jai-alai and maximizing revenues to the state.
I would reverse the order of dismissal, which is the subject of this appeal, and direct that the Association be accorded an administrative hearing.
NOTES
[1] Contrary to the argument of the Association, Agrico states the applicable test for determining whether the members of the Association have standing to participate in a hearing of this nature. See, e.g., Florida Soc'y of Ophthalmology v. State, Bd. of Optometry, 532 So.2d 1279 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 1333 (Fla. 1989); Boca Raton Mausoleum, Inc. v. State, Dept. of Banking & Finance, 511 So.2d 1060 (Fla. 1st DCA 1987); Village Park Mobile Home Ass'n v. State, Dept. of Business Regulation, 506 So.2d 426 (Fla. 1st DCA), rev. denied, 513 So.2d 1063 (Fla. 1987); Sullivan v. Northwest Fla. Water Management Dist., 490 So.2d 140 (Fla. 1st DCA 1986); Reedy Creek Improvement Dist. v. State, Dept. of Envtl. Reg., 486 So.2d 642 (Fla. 1st DCA 1986); North Ridge Gen. Hosp., Inc. v. NME Hosps., Inc., 478 So.2d 1138 (Fla. 1st DCA 1985); Florida Police Benevolent Ass'n v. Florida Dept. of State, Div. of Licensing, 450 So.2d 283 (Fla. 1st DCA 1984); Shared Servs. Inc. v. State, Dept. of Health & Rehabilitative Servs., 426 So.2d 56 (Fla. 1st DCA 1983).

Florida Home Builders Association v. Department of Labor & Employment Security, 412 So.2d 351 (Fla. 1982), relied on by the Association, merely allows the Association to assert whatever standing its members may have in this case, and does not, as urged, alter or supersede Agrico.
[1] Appellant has appended to its brief a report, prepared by staff of the Florida Senate Committee on Regulated Industries, which documents the decline in attendance and revenues in the Pari-Mutuel Industry from 1987 to 1989. There was also a proffer of game-fixing incidents by "strikebreakers" hired by fronton owners, and a report of legislative approval for one fronton to switch from jai-alai to dog racing.
[2] One commentator notes that while the Agrico court did not call its standing test a "zone of interest" test, and did not cite to United States Supreme Court decisions, it is precisely that federal test that was grafted erroneously onto section 120.57. One of the distinctive features of section 120.57, it is further noted, is that the right to invoke the section's procedural protections is conferred by its own terms without reference to any other law. It is suggested that the use of any judicial standing test to determine the right to access to an administrative proceeding should be rejected. Dove, Access to Florida Administrative Proceedings, 13 Fla.St.U.L.Rev. 965, 1086 (1986).