577 So.2d 648 (1991)
AMISUB (NORTH RIDGE GENERAL HOSPITAL, INC.), D/B/a North Ridge Medical Center, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Boca Raton Community Hospital and Martin Memorial Hospital Assn., Inc., Appellees.
Nos. 90-1524, 90-2716.
District Court of Appeal of Florida, First District.
March 28, 1991.
Michael J. Cherniga and David C. Ashburn of Roberts, Baggett, LaFace & Richard, Tallahassee, for appellant.
Lesley Mendelson, Senior Atty., Department of Health and Rehabilitative Services, Tallahassee, and Charles A. Stampelos, William B. Wiley and Darrell White of McFarlain, Sternstein, Wiley & Cassedy, P.A., Tallahassee, for appellees HRS and Boca Raton Community Hosp.
Byron B. Mathews and Albert L. Frevola, Jr. of McDermott, Will & Emery, Miami, for appellee Martin Memorial Hosp. Assn., Inc.
PER CURIAM.
North Ridge Medical Center has appealed from two final administrative orders dismissing for lack of standing its petitions for formal proceedings under section 120.57, Florida Statutes (1989). We affirm.
North Ridge is located in HRS Service District X, in which it operates an open heart surgery program. In September *649 1989, it filed a petition challenging the Department's determination that an additional open heart surgery program was needed in an adjoining district, Service District IX. The petition was based primarily on a potential patient drain from North Ridge by appellee Boca Raton, as to whom North Ridge alleged an intent to apply for a certificate of need to fill the District IX opening. Boca Raton later filed an application, as did others, and North Ridge's petition was held in abeyance pending the outcome of the application process. In January 1990, the Department published its intent to issue the CON to Boca Raton, and North Ridge filed a second petition challenging the intended award.
Section 381.709(5)(b), Florida Statutes (1989) provides, in part:
Existing health care facilities may initiate [proceedings challenging the issuance of a certificate of need] upon a showing that an established program will be substantially affected by the issuance of a certificate of need to a competing proposed facility or program within the same district (emphasis supplied).
Boca Raton moved to dismiss the second petition, arguing that North Ridge lacked standing because its facility was in a different district than the proposed program. The hearing officer agreed, and recommended dismissal in that North Ridge was "not an existing facility within the service district for which Boca Raton has sought a [CON]." The Department entered its final order adopting the recommended order and dismissing the petition. The Department then moved to dismiss the original petition, arguing the same lack of standing. The hearing officer recommended dismissal, and the Department entered a final order dismissing the petition. The instant appeal is a consolidation of North Ridge's appeals from these two orders.
North Ridge's primary argument against dismissal below, and for reversal herein, is based on the provision of section 381.709(5)(b) that "a facility or program" within the same district can challenge the issuance of a CON in that district. North Ridge concedes, as it must, that its facility is located in Service District X. However, it contends that, because it draws patients from Service District IX, it is operating a "program" within that district, thus qualifying it to challenge the Boca Raton CON.
This argument must fail for several reasons. First, the duty of the appellate courts is to honor the obvious legislative intent and policy behind an enactment. Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099, 1102 (Fla. 1989). The legislature intended by creating section 381.709(5)(b) to restrict standing in CON cases. See Florida Residential Treatment Centers, Inc. v. HRS, 553 So.2d 229 (Fla. 1st DCA 1989). Therefore, the statute should not be read so as to expand standing from its prior status, when it was consistently held to exist only for persons "located in the same [service district] in which the service is proposed to be offered or delivered." See, e.g., Community Psychiatric Centers, Inc. v. HRS, 474 So.2d 870, 872 (Fla. 1st DCA 1985); North Ridge General Hospital, Inc. v. NME Hospitals, Inc., 478 So.2d 1138, 1139 (Fla. 1st DCA 1985).
Further, an administrative agency is afforded wide discretion in interpreting statutes which it administers. The agency's statutory construction is entitled to great weight, and is not to be overturned on appeal unless clearly erroneous. Skiff's Workingman's Nursery v. DOT, 557 So.2d 233, 234 (Fla. 4th DCA 1990). In PIA Sarasota Palms, Inc. v. HRS, 10 F.A.L.R. 6989 (HRS Oct. 13, 1988), the petitioner argued that it had standing to challenge the issuance of a CON to an applicant located in an adjacent district in that some of its patients were drawn from that district. The hearing officer acknowledged that diminution of the petitioner's patient load would occur, but recommended dismissal in that "the legislature specifically limited initiation in matters within the same district." The Department adopted this recommendation, finding that the petitioner's argument was "contrary to the plain language of § 381.709(5)(b)." This is a permissible interpretation of the statutory language. *650 See Motel 6 v. DBR, 560 So.2d 1322, 1323 (Fla. 1st DCA 1990).
Finally, we note that no general definition of the term "program" appears in the statute, thus the common ordinary meaning applies. Shell Harbor Group, Inc. v. DBR, 487 So.2d 1141, 1142 (Fla. 1st DCA 1986). Webster's Dictionary defines the term, in pertinent part, as "organized procedures." Therefore, although we find, without deciding, that the term might be construed to include existing providers actually performing procedures in the adjacent district, North Ridge does not contend that it is performing procedures anywhere but at its District X facility. We also note that Rule 10-5.011(1)(f)1., Florida Administrative Code, defines "open heart program," in part, as "rooms in a hospital equipped for open heart surgical procedures" (emphasis supplied). Therefore, North Ridge cannot successfully argue the facility/program distinction in this area of specialization.
Based on the foregoing, we affirm the dismissal of the petitions below. However, we do not find that the appeal was frivolous as alleged by the Department, that is, "so devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed, ... [or] so that its character may be determined without argument or research." See Treat v. State ex rel Mitton, 121 Fla. 509, 163 So. 883 (1935). The award of fees sought by the Department is therefore denied.
ERVIN, JOANOS and MINER, JJ., concur.