# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D16-5062

———————————————

COMPASSIONATE CARE HOSPICE
OF THE GULF COAST, INC.,

    Appellant,

    v.

STATE OF FLORIDA, AGENCY FOR
HEALTH CARE ADMINISTRATION,

    Appellee,

    and

TIDEWELL HOSPICE, INC.,

    Intervenor.

———————————————

On appeal from the Agency for Health Care Administration.
Justin M. Senior, Interim Secretary.

May 25, 2018


MAKAR, J.

    Hospice care in Florida is regulated by industry-specific certificate of need statutes implemented by the Agency for Health Care Administration, known as AHCA. To gain entry to the marketplace, a hospice provider must apply for and obtain a certificate of need; it cannot simply set up shop and compete for business. At issue is the application of Compassionate Care

Hospice of the Gulf Coast, Inc. ("CCH"), which AHCA denied based on its determination that CCH failed to overcome a presumption that no need existed for a new hospice program in Hospice Service Area 8D (Sarasota County). CCH challenges that determination, claiming that AHCA is not fulfilling its regulatory mission because Service Area 8D is monopolized by one incumbent provider and denial of CCH's application perpetuates the existing regional monopoly to the disadvantage of those whose needs may not be served.

As background, AHCA publishes what is called the "fixed need pool," which is the agency's assessment of the need for new facilities in each service area. For Hospice Service Area 8D in 2014, it determined a fixed need of zero for new hospice programs, which creates a rebuttable presumption that no new hospice provider is needed. Fla. Admin. Code R. 59C-1.0355(3)(b) (2018) ("A Certificate of Need for the establishment of a new Hospice program . . . shall not be approved unless the applicant meets the applicable review criteria . . . and the standards and need determination set forth in this rule."). CCH—whose corporate parent provides hospice services in seven Florida counties including Miami-Dade— did not directly challenge the fixed need determination (though it could have); instead, it applied to establish a new hospice program in Service Area 8D, seeking to overcome the presumption based on "special circumstances," including the existing regional monopoly in Sarasota County and the need to promote competition in the area.

As to regional monopolies and competition, Florida hospice law states:

> When an application is made for a certificate of need to establish or to expand a hospice, the need for such hospice shall be determined on the basis of the need for and availability of hospice services in the community. *The formula on which the certificate of need is based shall discourage regional monopolies and promote competition.*

§ 408.043(2), Fla. Stat. (2015) (emphasis added). The Legislature made clear that—to the extent possible in a government-controlled industry—the economic value of competition was to be promoted

and regional monopolies discouraged. This pro-competition, anti-monopoly sentiment is reflected in the administrative rule that governs how an applicant can obtain a certificate of need despite AHCA's determination that no need exists:

> Applications to establish a new hospice program shall not be approved in the absence of a numeric need indicated by the formula in paragraph (4)(a) of this rule, *unless other criteria in this rule and in Sections 408.035 and 408.043(2) [discouragement of regional monopolies and promotion of competition], F.S., outweigh the lack of a numeric need.*

Rule 59C-1.0355(3)(b), Fla. Admin. Code. Thus, even if AHCA has determined that no need exists, an applicant can still receive a certificate for a new facility, but must demonstrate that the discouragement of regional monopolies/promotion of competition—combined with other rule-based criteria—"outweigh the lack of a numeric need." It may also show a "specific terminally ill population is not being served" and "a county or counties within the service area of a licensed Hospice program are not being served." Rule 59C-1.0355(4)(d), Fla. Admin. Code (2018).

The takeaway from the statutory structure of the hospice certificate of need process, which has been in place for thirty years, is that AHCA has much play-in-the-joint in making a determination as to whether to allow a new entrant into a hospice service district, a point repeatedly confirmed by the caselaw addressing certificates of need generally, which says that the "appropriate weight" to be assigned to each statutory criterion has no fixed value and "must vary on a case-by-case basis, depending upon the facts of each case." *Collier Med. Ctr., Inc. v. State, Dep't of Health & Rehab. Servs.*, 462 So. 2d 83, 84 (Fla. 1st DCA 1985); *see also N. Ridge Gen. Hosp., Inc. v. NME Hosps., Inc.*, 478 So. 2d 1138, 1139 (Fla. 1st DCA 1985) ("[T]he legislative purpose behind the certificate of need law is to provide for a balanced consideration of all relevant criteria."). In other words, statutory criteria have a free-floating value that may vary if sufficiently linked to the facts of a case. One hospice criterion (say, for example, discouragement of regional monopolies) may be assigned a lesser value if another criterion (say, whether a specific terminally-ill population is being

unserved) is assigned great weight. So long as a "balanced consideration of all relevant criteria" was performed, and some reasonable explanation exists for the final outcome, the caselaw suggests an appellate court should defer to the result, absent some abdication by the agency of its responsibilities.

On this point, Tidewell notes that its status as the sole hospice provider in Sarasota County (as well as Manatee, Charlotte, and Desoto counties in three adjoining service areas, which is unique in Florida) is neither improper nor illegal; and that section 408.043(2) does not require that AHCA give greater weight to the policy goal of discouraging regional monopolies and promoting competition than to the other factors. All that may be true, but it does not provide meaningful guidance on how AHCA's discretion to deny entry is adjudged. In this case, Tidewell likes the balance that AHCA has struck, supporting Tidewell's continued regional monopoly in Sarasota County. But AHCA could alter course policy-wise and give greater weight to eliminating regional monopolies and increasing competition by allowing more entry into Hospice Service Area 8D; that change of policy would alter the dynamics of the hospice marketplace, potentially putting Tidewell in the position of explaining why the issuance of a certificate of need to CCH or another competitor was improper.

Given the lack of specific weights assigned to each factor, how an appellate court can decide if AHCA has valued economic competition too much or too little is unclear. Nonetheless, we see it as a close call in this case whether to reverse because the evidence establishes (and the hearing officer found) that Tidewell is a monopolist, that CCH's entry into Sarasota County is economically viable and will increase competition, but that new competition will reduce Tidewell's market share and result in an adverse financial impact on the incumbent with no clear showing of a specific unserved population.

In the end, however, we cannot overturn the denial of CCH's request to serve the Sarasota hospice market, simply because the record establishes that a regional monopoly exists and that competition would be fostered by entry. Rather, we are constrained to decide whether AHCA was in its rights to reject the proffered basis for CCH to enter the market, that being whether an unserved

population exists and whether new facilities would harm the incumbent where no new market growth was shown. Because the record shows "a balanced consideration of all relevant criteria," and a stated basis for rejection of CCH's application that is plausible, we affirm on all issues presented.

AFFIRMED.

B.L. THOMAS, C.J., and WINOKUR, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Geoffrey D. Smith and Susan C. Smith, of Smith & Associates, Melbourne, for Appellant.

Tracy Cooper George, Chief Apepllate Counsel for Agency for Health Care Administration, Tallahassee, for Appellee Agency for Health Care Administration.

Robert D. Newell, Jr., of Newell, Terry & Douglas, P.A., Tallahassee, for Intervenor Tidewell Hospice, Inc.